THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as receiver,<br><br>Plaintiff,<br><br>v.<br><br>PLASKOLITE, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S DECISION**<br><br>Case No. 2:19-cv-00832-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Plaskolite, LLC ("Plaskolite") has filed an objection[1] to Judge Kohler's December 9, 2021 Order[2] granting Plaintiff R Wayne Klein, as receiver's (the "Receiver") Motion for Short Form Discovery. For the following reasons, the objection is OVERRULED and DENIED.

## BACKGROUND

This action stems from Plaskolite's transfer of "grooved sheets of plastic" to RaPower-3, LLC and International Automated Systems Inc. ("IAS").[3] The Receiver has asserted claims for fraudulent transfer and unjust enrichment against Plaskolite based on those transfers. Plaskolite

---

[1] Defendant's Objection to Magistrate Judge's Decision Dated December 9, 2021 (Expedited Treatment Requested) ("Objection"), docket no. 58, filed December 23, 2021.

[2] DOCKET TEXT ORDER granting 41 Motion to Expedite; granting 41 Motion for Short Term Discovery, docket no. 55, filed December 9. 2021.

[3] Amended Complaint, docket no. 16, filed April 29, 2021, at 6.

has asserted as a defense that the transfers were done in good faith,[4] and has pointed to its conferral with counsel as one piece of evidence for that good faith.[5]

On June 11, 2021, the Receiver deposed John Kupchick, the director of sales for the polymer business of Plaskolite.[6] During the deposition, the following exchange took place between counsel for the Receiver, counsel for Plaskolite, and Kupchick.

> **Q. Okay. John, before the break we were talking about the due diligence that Plaskolite had done in coming to the decision to continue to do business with IAS. Do you recall that?**
>
> A. Yes, sir.[7]
>
> . . .
>
> **Q. And then on the other hand you had also had your counsel reach out to the DOJ; is that correct?**
>
> A. Yes.
>
> **Q. And Plaskolite relied upon the communications it got from its counsel in determining whether to continue to do business with IAS; is that correct?**
>
> [COUNSEL FOR PLASKOLITE]: Object to the form. And to the extent that requires a revelation of privileged communication, I'll ask him not to answer. But subject to that you can respond, sir.
>
> A. Yes, I think that's a fair assessment.
>
> **Q. (BY [COUNSEL FOR THE RECEIVER]) What information did Plaskolite receive that made it comfortable that it continue to do business with IAS?**
>
> [COUNSEL FOR PLASKOLITE]: I'm going to object and caution the witness to the extent you're asking for information received from his counsel, I'm going to

---

[4] Answer, Affirmative Defenses, and Jury Demand, docket no. 19, filed May 7, 2020, at 9.

[5] Objection at 4.

[6] Deposition of John Kupchick, dated June 11, 2021 ("Deposition"), docket no. 41-1, filed November 5, 2021, at 28.

[7] *Id*. at 114.

instruct him not to answer. If you're asking about other information he obtained independent of counsel, he can certainly answer that.[8]

On November 5, 2021, the Receiver filed a Motion to Overrule Defendant's Attorney-Client Privilege Objection[9], seeking disclosure of the information Plaskolite received from its counsel. Defendant opposed the motion. On December 9, 2021, Judge Kohler granted the motion, ruling that Plaskolite had placed the communications between it and its counsel at issue, and thus waived the attorney-client privilege.[10]  This timely objection followed.

## DISCUSSION

Statute and rule require that any part of Judge Kohler's order that is "clearly erroneous or contrary to law" be set aside. [11] "Because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate judge's determination only if this discretion is clearly abused."[12]

In a diversity case, Utah law concerning attorney-client privilege typically controls.[13] Under Utah law, a party has the privilege

---

[8] *Id*. at 115.

[9] Receiver's Short Form Discovery Motion to Overrule Defendant's Attorney-Client Privilege Objection, docket no. 41, filed November 5, 2021.

[10] Transcript of Hearing before Judge Paul Kohler on December 9, 2021, docket no. 59, filed January 4, 2021, at 27-28.

[11] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[12] *Stratton v. Thompson/Ctr. Arms, Inc*., No. 4:18-CV-00040-DN-PK, 2019 WL 6498249, at *3 (D. Utah Dec. 3, 2019) (quoting *Fatpipe Networks India Ltd. v. XRoads Networks*, No. 2:09-CV-186-TC, 2011 WL 1775744, at *2 (D. Utah May 9, 2011)).

[13] *Salt Lake City Corp. v. ERM-W., Inc*., No. 2:11-CV-1174-TS-PMW, 2015 WL 461481, at *1 (D. Utah Feb. 3, 2015). Counsel for Plaskolite suggested during arguments before Judge Kohler that the law of Ohio, where Plaskolite is incorporated, could control (although they do not make this argument in briefing). Ohio courts, however, assess a client's waiver of attorney-client privilege in a similar manner to Utah courts. *Compare Grace v. Mastruserio*, 912 N.E.2d 608, 613 (Ohio Ct. App. 2007) with *Union Pac. R.R. Co. v. Loram Maint. of Way, Inc.*, No. 2:04 CV 271 TC, 2006 WL 8459287, at *3-4 (D. Utah Feb. 1, 2006). There is no "true" conflict between the two

> "to refuse to disclose, and to prevent any other person from disclosing, confidential communications ... made for the purpose of facilitating the rendition of professional legal services to the client [where] the communications were between [or among] the client and the client's representatives, lawyers, lawyer's representatives, and lawyers representing others in matters of common interest."[14]

The party asserting the privilege has the burden to establish its applicability in a given situation.[15]

The communications which the Reliever seeks disclosure of were made between John Kupchick and counsel for Plaskolite.[16] Those communications would ordinarily be privileged. Therefore, the relevant question is whether Plaskolite waived the privilege.

Although Utah courts have "carefully guarded the integrity of the [attorney-client] privilege," the privilege "can be waived by a client."[17] One such way to waive the privilege is the "at issue" waiver. A party waives attorney-client privilege regarding a communication when the party places that communication at issue in a case. A communication is placed at issue when "the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication."[18] The attorney-client privilege "cannot be used as both a sword and a shield."[19] In other words, a party cannot abuse the privilege by using a protected communication as evidence of a claim or defense but then refuse to divulge the

---

jurisdictions, and therefore, there is no need to engage in a choice of law analysis. *See Diamond Ranch Acad., Inc. v. Filer*, 117 F. Supp. 3d 1313, 1320 (D. Utah 2015).

[14] *Salt Lake City Corp.*, 2015 WL 461481, at * 1 (quoting Utah R. Evid. 504(b)) (alterations in original).

[15] *Salt Lake City Corp.*, 2015 WL 461481, at * 1.

[16] See Deposition at 115.

[17] *Krahenbuhl v. The Cottle Firm*, 427 P.3d 1216, 1219 (Utah App. 2018) (quoting *Doe v. Maret*, 984 P.2d 980, 983 (Utah 1999), *overruled on other grounds by Munson v. Chamberlain* 173 P.3d 848 (Utah 2007)).

[18] *Terry v. Bacon*, 269 P.3d 188, 193 (Utah App. 2011) (quoting *Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir.1994)).

[19] *Terry*, 269 P.3d at 193 (quoting *Chevron Corp v. Pennzoi*, 974 F.2d 1156, 1162 (9th Cir. 1992)).

communication. If a party claims it was acting in good faith because it relied on the advice of an attorney, the party cannot reasonably complain if it must then divulge that advice.

Plaskolite placed the communication at issue. Plaskolite concedes in its Objection that "[a]mong the many facts which support [Plaskolite's good faith defense] is the fact that Plaskolite relied on legal advice" of its counsel.[20] "[T]he fact that Plaskolite relied on legal advice" necessarily includes two assertions: first, that Plaskolite received legal advice; and second, that the legal advice supported Plaskolite's actions. A party asserting it received legal advice to establish a reliance on advice of counsel defense puts that advice at issue.[21] Similarly, Plaskolite is asserting, as evidence of its good faith defense, that it relied on legal advice which led it to believe it was acting properly. It therefore put that legal advice at issue, waiving the attorney-client privilege.[22]

The Utah Court of Appeals case of *Terry v. Bacon*, although not dealing with a good faith defense, is instructive. In *Terry*, a client asserted that he had never authorized his former counsel to consent to a settlement as a defense to a motion to enforce a settlement.[23] The Utah Court of Appeals held that because the client had put what was said in the settlement discussions with his attorney at issue, the client had waived the attorney-client privilege concerning those discussions.[24] The reasoning in Terry is persuasive here. As the Court of Appeals noted in *Terry*, a party cannot "deny [an opposing party] access to the very information [the party] must refute"

---

[20] Objection at 4.

[21] *Doe*, 984 P.2d at 983 ("A party may also waive the privilege by placing attorney-client communications at the heart of a case, as where a party raises the defense of good faith reliance on advice of counsel.").

[22] Restatement (Third) of the Law Governing Lawyers § 80 (2000) ("(1) The attorney-client privilege is waived for any relevant communication if the client asserts as to a material issue in a proceeding that: (a) the client acted upon the advice of a lawyer or that the advice was otherwise relevant to the legal significance of the client's conduct . . . .").

[23] *Terry*, 269 P.3d at 191.

[24] *Id*. at 194.

to counter a defense.[25] Plaskolite is attempting to prove its good faith by asserting (among other arguments) that it relied on advice of counsel. The Receiver cannot reasonably be expected to dispute that Plaskolite relied on advice of counsel without being able to discover what that advice was.

Plaskolite attempts to distinguish *Terry* by arguing that it did not place the "substance" of the communication at issue, but merely disclosed the fact a communication had been made.[26] It also argues that *Terry* and other cases *Terry* cites are more applicable to "advice of counsel" defenses, not good faith defenses.[27] Neither of these distinctions are persuasive. Contrary to Plaskolite's assertions, a statement that Plaskolite consulted with and relied upon advice of counsel when it acted carries a clear implication that the legal advice supported Plaskolite's actions. The mere fact a communication was made between Plaskolite and its counsel has little relevance to a good faith defense alone. What is relevant is what was said in that communication.[28] Thus, Plaskolite put the substance of the communication at issue. It makes no difference that Plaskolite labels its defense as a "good faith" defense – a basis for Plaskolite's good faith defense is its reliance on the advice of counsel. "By including consultations with counsel as a basis for its good faith, [Plaskolite] has transformed the defense of good faith into a 'good faith reliance on counsel' defense."[29]

---

[25] *Id*.

[26] Objection at 4.

[27] *Id*. at 5-6.

[28] Plakolite's arguments that it was in no way incorporating the substance of the communication into its defense is belied by its assertion it relied on counsel's advice. A party indicating it relied on counsel's communication in making a decision clearly puts the "substance" of that communication at issue. *See Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458, 469 (E.D. Mich. 2008).

[29] *Henry*, 263 F.R.D. at 470.

Plaskolite contends that Judge Kohler's ruling would violate public policy and be unfairly prejudicial to it.[30] But Plaskolite made a choice to use its consultation with counsel as evidence of its good faith. It would not offend public policy or be unfairly prejudicial if that choice results in waiver of the attorney-client privilege.

For those reasons, the Motion to Overrule Defendant's Attorney-Client Privilege Objection was properly granted. Therefore,

IT IS HEREBY ORDERED that Defendant's Objection to Magistrate Judge's Decision Dated December 9, 2021 (Expedited Treatment Requested)[31] is OVERRULED and DENIED.

Dated January 19, 2022.

BY THE COURT:

David Nuffer
United States District Judge

---

[30] Objection at 8.

[31] Docket no. 58, filed December 23, 2021.